**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**LUIS RIVERA GUZMAN,**
       **Plaintiff,**

v.

**MICHAEL CABASSA,**
       **Defendant,**
**and**

**OSCEOLA COUNTY,**
       **Defendant.**
_____/

Case No.:_____

Division:_____

**COMPLAINT**

      COMES NOW, the Plaintiff, LUIS RIVERA GUZMAN, (hereinafter referred to as "Plaintiff"), by and through undersigned legal counsel, and hereby brings this action for damages against the Defendants, MICHAEL CABASSA ("CABASSA") and OSCEOLA COUNTY, (collectively referred to as "Defendants"), and states and alleges as follows:

**JURISDICTION, PARTIES AND VENUE**

1. Plaintiff brings this action pursuant to 42 U.S.C.A. § 1983 and 42 U.S.C.A. § 1988 for violation of his Fourth Amendment rights of the United States Constitution and also invokes this court's supplemental jurisdiction to assert the state law claims of battery.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1343, in that it is brought to redress deprivations, under color of state authority, or rights, privileges and immunities secured by the

Constitution of the United States; and in that it seeks to secure damages and equitable relief under an Act of Congress, specifically 42 U.S.C. § 1983, which provides a cause of action for the protection of civil rights.

3. Venue is proper in this district pursuant to 28 U.S.C.A. § 1391, because a substantial part of the events or omissions giving rise to the allegations in this Complaint occurred within this Judicial District and Defendant maintains a large business presence in this Judicial District.

4. At all times herein, Plaintiff, LUIS RIVERA GUZMAN, was a citizen of the United States and a resident of Osceola County, Florida and is otherwise *sui juris.*

5. At all times herein, Defendant, MICHAEL CABASSA, was a police officer employed by Defendant, OSCEOLA COUNTY SHERIFF OFFICE, and was at all relevant times herein, acting within the scope of his employment and under color of state law.

6. Defendant, OSCEOLA COUNTY, is a municipal corporation, and is charged, inter alia, with the duty to supervise, manage and control its Sheriff's Office to prevent the violation of the civil rights of its citizens.

**FACTUAL ALLEGATIONS**

7. On or about April 7, 2019, at approximately 8:00 p.m., the Plaintiff (Sixty-Three Years Old) and his long-time, domestic partner Maria Mavedo, had a non-physical, verbal argument inside of their home at: 106 Burlington Place, Poinciana, FL 34758.

8. Ms. Mavedo left the home upset and contacted the Police falsely claiming battery.

9. On the same day, at approximately 11:30 p.m., the Plaintiff was in his bedroom, laying in bed and watching television.

10. Plaintiff found it odd that his dogs were barking outside when he had not let them out.

11. Plaintiff decided to get out of bed and begins walking towards the sliding door that leads outside to the pool area.

12. As soon as he goes to open the sliding door, he heard someone shouting and ordering him to get down.

13. At the same time, Defendant Cabassa, immediately grabs him by the shirt, throws him down to the ground and punches him in the eye.

14. Plaintiff immediately falls to floor and was tazed multiple times.

15. During one of the taser shocks, Plaintiff lost control of his bladder and urinated on himself.

16. Defendant repeatedly kicked the Plaintiff throughout his body while he was still on the floor.

17. Defendant along with the other police officers, hog tied the Plaintiff.

18. While the Plaintiff was hog tied, Defendant along with the other police officers, slammed Plaintiff's head into the doorknob and door before placing him into the police vehicle.

19. While in the patrol car, Plaintiff was severely injured and began to feel weak, dizzy and nausea.

20. The deputies in the vehicle pulled over and called for an ambulance.

21. The ambulance finally arrives and transports the Plaintiff to the Osceola Regional Hospital Emergency Room.

22. The Plaintiff was in the hospital for approximately four (4) days.

23. Plaintiff was then released back to jail until he needed to return to the hospital for another week.

24. At the time of the incident the Plaintiff did not have a weapon on him, did not disobey any commands, nor did he attempt to assault any of the officers.

25. The Plaintiff is a diabetic with high blood pressure, and suffered a slew of serious and permanent injuries, including but not limited to:

   a. Heart damage
   b. Stents to his neck
   c. Traumatic brain injury
   d. Headaches
   e. Blackouts
   f. Wrist
   g. Shoulder
   h. Atrial flutter
   i. Electrocution
   j. Tachycardia
   k. Shortness of breath
   l. Neck pain
   m. Back pain

### COUNT I: 42 U.S.C. 1983 UNDER THE FOURTH AMENDMENT FOR UNREASONABLE SEIZURE AND EXCESSIVE FORCE

26. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 of this Complaint.

27. At all times herein, Defendant CABASSA, was acting under color of state law.

28. Plaintiff posed no threat to Defendant CABASSA at the time he was forcefully seized, nor was he resisting in any way, such that Defendant CABASSA use of deadly force against Plaintiff was clearly excessive as he posed no threat of harm.

29. Defendant Cabassa used objectively unreasonable and excessive force in the detention and arrest of Plaintiff.

30. Defendant CABASSA knew or should have known that his excessive use of force against Plainiff without cause violated Plaintiff's Fourth Amendment rights.

31. The acts of Defendant Cabassa violated and deprived Plaintiff of rights secured to him by the United States Constitution, specifically, the rights secured by the Fourth Amendment, by subjecting him to an unreasonable search and seizure and use of excessive force in violation of the Fourth Amendment, enforceable through 42 U.S.C. §1983.

**WHEREFORE,** Plaintiff demands a trial by jury and judgment against Defendant Cabassa for compensatory damages, punitive damages, plus attorney fees and costs, to be determined at trial.

**COUNT II: MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983**

32. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 of this Complaint.

33. Defendant Osceola County at all relevant times has maintained a policy, custom, or practice that has been the cause, the moving force, behind the violation of citizen's rights. Specifically, the policy, custom, or practice involves:

   a. The use of objectively unreasonable and excessive force on detainees and arrestees.

   b. The arrestees receiving serious injuries but the officers not being injured during such encounters.

   c. Not sustaining citizen complaints if it is the word of the complainant against the police officer and only sustaining a complaint if the citizen has corroboration from another person if at all.

34. The above-described policy, custom, or practice was the direct, proximate cause of Defendant Cabassa violating the Plaintiff's Fourth Amendment rights, enforceable through 42 U.S.C. §1983.

   **WHEREFORE,** Plaintiff demands a trial by jury and judgment against Defendant Cabassa for compensatory damages, punitive damages, plus attorney fees and costs, to be determined at trial.

### COUNT III: CLAIM AGAINST OSCEOLA COUNTY FOR STATE LAW BATTERY

35. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 of this Complaint.

36. The County, through its agent, Defendant Cabassa, used force that was excessive and unreasonable under the circumstances against Plaintiff, injuring him as described herein.

37. The actions of Defendant Cabassa constituted an unwarranted battery upon Plaintiff.

38. The County is liable pursuant to Section 768.28, Florida Statutes, for the actions of Defendant Cabassa.

39. As a direct result of the actions of Defendant Cabassa, Plaintiff suffered damages, including physical injury, resulting pain and suffering, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment in the past and the future, loss of earnings, loss of ability to earn money, aggravation of a previously existing condition, and deprivation of rights secured to him under the United States Constitution. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

**WHEREFORE,** Plaintiff demands a trial by jury and judgment against Defendant Cabassa for compensatory damages, punitive damages, plus attorney fees and costs, to be determined at trial.

### COUNT IV: CLAIM AGAINST DEFENDANT CABASSA FOR STATE LAW BATTERY

40. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 of this Complaint.

41. Defendant Cabassa used force that was excessive and unreasonable under the circumstances against Plaintiff, injuring him as described herein. The actions of Defendant Cabassa constituted an unwarranted battery upon Plaintiff.

42. Defendant Cabassa did intentionally cause harm to Plaintiff by tasing him multiple times and punching and kicking him throughout his entire body.

43. Defendant Cabassa did intentionally desire to cause Plaintiff to fear physical harm.

44. As a direct result of the actions of Defendant Cabassa, Plaintiff suffered damages, including physical injury, resulting pain and suffering, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment in the past and the future, loss of earnings, loss of ability to earn money, aggravation of a previously existing condition, and deprivation of rights secured to him under the United States Constitution. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

**WHEREFORE,** Plaintiff demands a trial by jury and judgment against Defendant Cabassa for compensatory damages, punitive damages, plus attorney fees and costs, to be determined at trial.

Respectfully submitted,

Dated this 30th day of March, 2021.

                              **BLACK ROCK TRIAL LAWYERS**

                              By:_____
                              Gil Sanchez, Esq.
                              Florida Bar Number: 735981
                              Sabrina Franco, Esq.
                              Florida Bar Number: 1017076
                              201 S. Westland Ave.
                              Tampa, Florida 33606
                              (813) 254-1777 Office
                              (813) 254-3999 Facsimile
                              gil@blackrocklaw.com
                              sabrina@blackrocklaw.com
                              litigation@blackrocklaw.com
                              **Attorneys for Plaintiff**